FILED
IN CLERK'S OFFICE
U.S. D[ISTRICT COUR]T E.D.N.Y.
★ SEP 19 2005 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAHER KASOUHA,
          Petitioner,

  - against -

UNITED STATES OF AMERICA
          Respondent.
----------------------------------------------------------------X

MEMORANDUM AND ORDER
05 CV 1809 (SJ)

MAIL TO:

LAW OFFICE OF UZMAH SAGHIR, ESQ.
730 Fifth Avenue, 9th Floor
New York, NY 10021
By:   Uzmah Saghir
Attorney for Petitioner

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepoint Plaza
Brooklyn, NY 11201
Attorney for Respondent

JOHNSON, SENIOR D.J.:

      Maher Kasouha ("Petitioner") brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In 2004, Petitioner pled guilty to credit card fraud in violation of 18 U.S.C. §§ 1029(b)(2), 1029(a)(5) and 1029(c)(1)(A)(iii), and was sentenced to 21 months imprisonment. Petitioner claims that his sentence is erroneous because United States v. Mincey, 380 F.3d 102 (2d Cir. 2004), on which the Court relied to impose certain enhancements to Petitioner's sentence, was overruled by United States v.

1

Booker/FanFan, 125 S.Ct. 738 (2005).

According to the Bureau of Prisons, Petitioner was released from custody on August 17, 2005. Release from custody does not necessarily render a 28 U.S.C. § 2255 petition moot, if a petitioner asserts a "collateral consequence" of a conviction, meaning "some concrete and continuing injury other than the now-ended incarceration or parole." Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot. See, e.g., Davis v. U.S., 2004 WL 1488371, *3 (S.D.N.Y. Jul. 1, 2004). In this case, Petitioner has only challenged the length of his sentence (vis-a-vis the enhancements), not the fact of his conviction or any other factor that could give rise to a collateral consequence, and therefore the petition must be DISMISSED due to Petitioner's subsequent release from custody.

SO ORDERED.

Dated: September 14, 2005
Brooklyn, New York

s/SJ
Senior U.S.D.J.